# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BLUE CREEK MINING, LLC,**
**Employer Below, Petitioner**

**FILED**

November 15, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0002** (BOR Appeal No. 2053121)
(Claim No. 2016031982)

**MELVIN CHAFFIN,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Blue Creek Mining, LLC, by Counsel Steven K. Wellman, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review").[1]

The issue on appeal is compensability. The claims administrator rejected the claim on December 27, 2016. The Office of Judges reversed the decision in its July 3, 2018, Order and held the claim compensable for acute pancreatitis. The Order was affirmed by the Board of Review on November 30, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Chaffin, a maintenance foreman, alleges that he developed acute pancreatitis in the course of his employment. Treatment notes from Logan General Hospital on June 11, 2016, indicate Mr. Chaffin was treated for abdominal pain and vomiting. The symptoms began two days prior. A CT scan showed pancreatitis. Mr. Chaffin was diagnosed with acute pancreatitis. A treatment note by Cynthia Davis, M.D., indicates Mr. Chaffin was admitted to Cabell-Huntington Hospital. He stated that he had been feeling bad for a week and had increased fatigue. He reported that his abdominal pain began the day prior. Mr. Chaffin stated that while he was at work the day before, he developed nausea, vomiting, and severe abdominal pain. He was diagnosed with acute

---

[1] A response was not filed on behalf of Mr. Chaffin.

1

pancreatitis. It was noted that he had experienced a similar, less severe, episode of abdominal pain in the past. A treatment note by Imran Khawaja, M.D., on June 12, 2016, indicates he diagnosed Mr. Chaffin with acute moderately severe pancreatitis, fatty liver, and acute kidney injury. Mr. Chaffin was discharged from the hospital on June 16, 2016. His diagnoses were acute pancreatitis secondary to blunt force trauma and dyspnea secondary to acute pulmonary edema. It was noted that the pancreatitis was attributed to trauma after Mr. Chaffin fell on a suspended chain on June 10, 2016 and all of his weight landed on his abdomen.

The July 7, 2016, Employees' and Physicians' Report of Injury indicates Mr. Chaffin injured his stomach and lower back on June 10, 2016. The physicians' section was completed by Rachel Baisden, CFNP, and the diagnosis was listed as acute pancreatitis. She noted that the condition could have been triggered by an injury.

Marsha Bailey, M.D., performed an independent medical evaluation on December 12, 2016, in which she opined that Mr. Chaffin suffered an episode of acute pancreatitis; however, it was unrelated to the June 10, 2016, work incident. Dr. Bailey found that his symptoms began several days prior to his fall onto a chain. She noted that a coworker wrote in a statement that on the way to work on June 10, 2016, Mr. Chaffin stated that his stomach was hurting. Further, Mr. Chaffin complained of stomach pain to another coworker prior to his fall on a chain. Dr. Bailey stated that several medications Mr. Chaffin was taking can cause acute pancreatitis. She noted that the pancreas is located deep in the abdominal cavity and the kind of substantial force required to injure the organ would also result in substantial damage to other organs such as the stomach, intestine, and abdominal wall. The claims administrator rejected the claim on December 27, 2016.

Mr. Chaffin stated in a March 23, 2017, deposition that on June 10, 2016, he was using a chain ratchet to pull a concrete slab. He slipped and fell on the stretched out chain and landed with his stomach across the chain. He continued working for the rest of the day. On the way home, his coworker, with whom he carpools, had to pull over several times for Mr. Chaffin to vomit. Mr. Chaffin then requested that his coworker take him to the hospital. Mr. Chaffin testified that prior to June 10, 2016, he was taking medication for high blood pressure, cholesterol, and arthritis which made his stomach upset. His regular physician, Ms. Baisden, gave him medication to help with the nausea. She told Mr. Chaffin that if he had pancreatitis prior to June 10, 2016, the regular blood work she performed would have shown the condition. Mr. Chaffin stated that his stomach problems started in June of 2014, and he had to start eating after he took his medication to avoid nausea. Don Stollings stated in an October 27, 2017, affidavit that he and Mr. Chaffin rode to work together on the morning of June 10, 2016, and Mr. Chaffin told Mr. Stollings that his stomach was upset. Mr. Chaffin testified in a second deposition on January 25, 2018. He stated that he did not recall telling Mr. Stollings that he had an upset stomach on the morning of June 10, 2016; however, that would not be out of the normal since he has had stomach issues for over a year.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for acute pancreatitis on July 3, 2018. It determined that when Mr. Chaffin was treated at Logan Regional Medical Center on June 11, 2016, it was noted that he had pain for two to three days but the nausea and vomiting began that day. Mr. Chaffin was diagnosed with acute pancreatitis with no history of chronic pancreatitis. The discharge summary dated June 16,

2

2016, states that Mr. Chaffin's acute pancreatitis was ultimately attributed to blunt force trauma from a fall at work onto a suspended chain. The Office of Judges found that he was readmitted to the hospital on June 23, 2016, and it was discovered that he had a three centimeter hemorrhage in his pancreas. The Employees' and Physician's Report of Injury was completed by Mr. Chaffin's treating registered nurse, Ms. Baisden, who opined that his pancreatitis was a result of an abdomen contusion he sustained at work. She stated that no other cause could be found. The Office of Judges reviewed Dr. Bailey's independent medical evaluation. She opined that Mr. Chaffin's pancreatitis was unrelated to his work. She noted that his symptoms were present a few days before he fell and that he was taking several medications that can cause pancreatitis The Office of Judge found, however, that she failed to identify any of those medications.

The Office of Judges concluded that Mr. Chaffin showed by a preponderance of the evidence that he developed pancreatitis as a result of his work injury. Physicians from two different hospitals diagnosed traumatic pancreatitis. Dr. Corn, at Cabell-Huntington Hospital, concluded that the inflammation of the pancreas was ultimately the result of trauma. The Office of Judges found that Dr. Corn considered other factors for pancreatitis. Additionally, Dr. Chaaya, from Pikeville Medical Center, noted that Mr. Chaffin was admitted for severe pancreatitis following abdominal trauma. Ms. Baisden, Mr. Chaffin's treating nurse practitioner, also diagnosed pancreatitis due to traumatic abdominal injury. The Office of Judges found no evidence that Mr. Chaffin had severe abdominal pain prior to his June 10, 2016, fall. The Office of Judges found it unlikely that he could work a nineteen hour shift on June 10, 2016, if he was experiencing severe stomach pain, nausea, and vomiting. Also, Mr. Chaffin testified that his symptoms prior to the injury were completely different than those he experienced after he fell. He also testified that Ms. Baisden performed regular blood work and saw no indications of pancreatitis before the fall on June 10, 2016. The Office of Judges determined that the medical record contains no opinion attributing Mr. Chaffin's pancreatitis to another cause. Dr. Bailey stated that his medications could cause pancreatitis but did not list the medications or opine that they were the cause of the condition. The Office of Judges found no evidence that Mr. Chaffin sustained a low back strain. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 30, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1 (2008), employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Compensation Commissioner*, 153 W.Va. 796, 172 S.E.2d 698 (1970). Mr. Chaffin has shown by a preponderance of the evidence that he sustained an injury in the course of and resulting from his employment on June 10, 2016, and that injury resulted in acute pancreatitis.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions,

there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 15, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison